[Crim. No. 1289. Fourth Dist. Mar. 3, 1961.]

THE PEOPLE, Respondent, v. EMERY LA VERNE BALES, Appellant.

Emery La Verne Bales, in pro. per., and Russell B. Henry for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

SHEPARD, J.—This is an appeal from judgments of conviction rendered pursuant to verdicts of guilty by a jury on separate counts of incest, rape, sodomy, two counts of sex perversion, and from the order denying a motion for a new trial.

The charge contained in each of the various counts is as follows, to wit: count one, incest; count two, forcible rape— both alleged to have been committed on defendant's daughter, Marilee Bales, on or about September 21, 1956; count three, sodomy, committed on defendant's stepdaughter, Jeannette Bales, on or about June 21, 1957; count four, forcible sex perversion, committed on said Jeannette Bales on or about June 24, 1957; count five, forcible sex perversion, committed on Virginia Bales, defendant's wife, on or about June 23, 1958. The jury returned a verdict of guilty as to each of the five counts, but found that as to counts four and five that the acts were not accompanied by means of force or fear.

Viewing the evidence, as we must, in the light most favorable to the judgment (*People* v. *Linden,* 185 Cal.App.2d 752, 758 [6-7] [8 Cal.Rptr. 640], and authorities there cited), the record before us shows the facts, in substance, to be as follows: Defendant married Virginia in 1937. She then had, by another man, a daughter, Jeannette, a little less than a year old. In 1939 the family moved to Nine Mile Canyon in a remote mountain area of southeastern Tulare County 9 or 10 miles from the nearest telephone, where they resided ever since until the arrest of defendant in 1958. For a living they operated a small store, some mining claims, and occasionally rented cabins to hunters and fishermen. It appears that the

daughter, Marilee, was born in 1939, a son, John Thomas, in 1941, a daughter, Mary, in 1942, and a son, Thomas John, in 1943. The record is replete with evidence that throughout the lives of these children, defendant cursed, slapped, brutally whipped, struck with his fists, kicked, threatened with dire bodily harm and even death through the use of dynamite or guns, all of the children and the wife, and constantly kept the entire family in an abject state of subjection and terror. None of the children had ever been to school prior to defendant's arrest in 1958.

As to the charges contained in counts one and two, the evidence, with ample corroboration from other members of the family, shows that through a combination of personal physical fear, threats to kill the entire family, brow-beating and force, defendant accomplished an act of sexual intercourse with the daughter, Marilee Bales, then 16 years of age, against her will, at their home, on or about September 21, 1956. The other children saw part or all of his acts in this respect, heard his demands, heard Marilee's refusals and screams of protest and pain, but were apparently too much in fear of defendant to interfere, although at one point Jeannette asked one of the boys to get a gun so she could kill defendant. Unfortunately for Marilee, Jeannette's determination to do this did not crystallize into action. This attack occurred while the mother, Virginia, was in the hospital. Many insistent approaches had been made toward Marilee before the final attack occurred.

As to the charges contained in counts three and four, the evidence amply shows that defendant commenced to sexually molest Jeannette by the time she was 4 years old; that he was compelling her to engage in acts of sexual perversion and was attempting sexual acts and sodomy on her from the time she was 13; that he had frequent sexual intercourse with her after she was 16, and took her to bed regularly with him after she was 18, treating her from that date on as his common-law wife. The particular act of sodomy charged in count three, and the act of sexual perversion charged in count four, were accomplished within full sight of the two boys, who had been sent away by defendant but who came back to see what was happening. Jeannette testified she was forced to consent, through threats and fear. This was partially corroborated by the boys.

As to the charge contained in count five, the evidence presents not only the full testimony of the wife, Virginia, relating to this particular act, and to numerous other acts of like character, but also full corroboration by the children.

Defendant was found guilty on all five counts, on November 21, 1958. Thereafter proceedings were had to declare defendant a sexual psychopath. The proceedings in the criminal case were then suspended and defendant was ultimately committed to the State Hospital at Atascadero for observation and treatment as a sexual psychopath. August 6, 1959, defendant moved for an order terminating suspension of criminal proceedings and for return to the court from the state hospital for further proceedings in the criminal case. Defendant's motion was granted. He then moved for a new trial. The motion was denied, and he was sentenced to state prison for the term prescribed by law, the sentences to run concurrently as to counts one, two, three and five, and the sentence on count four to run consecutive to the sentence on the other counts.

Defendant filed, in propria persona, a document indicating his desire to appeal. We will treat it as a sufficient notice of appeal in order that the matter may be dealt with on the merits.

## SUFFICIENCY OF THE EVIDENCE

Defendant complains there was insufficient evidence to justify the conviction. Without recounting further the extensive, sordid details of the evidence than those hereinbefore related, suffice it to say that the acts complained of were all testified to in complete detail by the respective victims in each case, and were fully corroborated by some or all other members of the family. In addition, instances of cruelty to members of the family, their fear of him, and of his sexual improprieties toward the victims on other occasions was given by several witnesses not members of the family.

The evidence shown by the record is not only legally sufficient, it is overwhelmingly convincing. We find no merit whatever in defendant's claim.

## EVIDENCE OF OTHER ACTS

Defendant complains that the court erroneously admitted evidence of other unnatural sexual acts by defendant with the victims. The court properly instructed the jury that such evidence was for the sole purpose of showing, if the jury so found, the tendency of defendant to lewd, lascivious, immoral and licentious conduct toward the respective victim.

As was said by our Supreme Court in *People* v. *Sylvia,* 54 Cal.2d 115, 119-120 [1-2] [4 Cal.Rptr. 509, 351 P.2d 781] :

"While it is true that evidence of other crimes is generally inadmissible [citations], there are a number of exceptions to

the rule. Thus, evidence of other offenses is admissible if material to the proof of the crime charged [citations], to show motive, intent or knowledge [citation], and to show a common plan or scheme [citation]. ▮ In cases involving sex crimes, evidence of other not too remote sex offenses with the prosecuting witness is admissible to show a lewd disposition or the intent of the defendant towards the prosecuting witness.'' See also *People* v. *Bowles,* 178 Cal.App.2d 317, 321-322 [1a, 1b-3] [2 Cal.Rptr. 896].

We find no merit in this contention.

▮ The court also permitted some evidence of sexual intercourse with other women, over the objection of defendant. This testimony should not have been admitted. (*People* v. *Huston,* 45 Cal.App.2d 596 [114 P.2d 607]; *People* v. *Buchel,* 141 Cal.App.2d 91, 97 [4] [296 P.2d 113].) However, in the case at bar, in view of defendant's own testimony of sexual intercourse with Jeannette and other women than those named by the prosecution, we are unable to see how defendant was prejudiced. Coupled with defendant's own testimony and in view of the nature of the charges here contained, we deem this evidence sufficiently innocuous to constitute no prejudice.

▮ Furthermore, the objection was general, and did not inform the court sufficiently of defendant's precise point of complaint. He must be deemed to have waived all grounds of objection not stated by him. (*People* v. *Sellas,* 114 Cal.App. 367, 377-378 [4] [300 P. 150].)

### THE NUDE PHOTOGRAPH

▮ A photograph of Jeannette in the nude, taken by defendant, was received over defendant's general objection. In admitting this evidence, the court properly instructed the jury that defendant was not being prosecuted for taking the picture, and that it was received solely for the purpose of showing, if the jury so found, defendant's licentious disposition toward Jeannette. ▮ This evidence also had some degree of probative value in that it was a picture defendant specifically ordered his wife to burn, but which order she secretly did not carry out. The specific order to burn the picture had a probative relationship to defendant's consciousness of guilt. Such pictures have also been held admissible as tending to show a defendant's lewd intent. (*People* v. *Herman,* 97 Cal.App.2d 272, 277 [4] [217 P.2d 440].) Again, as above noted, we find only a general objection. (*People* v. *Sellas, supra.*)

### BIBLE BURNING INCIDENT

██ Evidence was received that while engaged in burning papers and trash, a Bible appeared. The wife protested against its being burned, and defendant said: "I don't give a God damn what it is. Throw that in there or I will throw you in with it." The jury was properly instructed that the incident was received for the sole purpose of showing, if the jury so found, defendant's attitude towards Mrs. Bales. The witness so testifying was an attorney on a short visit to the mountain camp.

The trial court, in weighing its probative value as against the possibility of unduly arousing prejudice in the minds of the jurors, undoubtedly felt that its possible prejudicial effect was outweighed by its probative value because of the fact that the witness was a stranger to the family. The incident corroborated the testimony of the family about defendant's harsh treatment of Mrs. Bales. ██ As was said in *People* v. *McCaughan,* 49 Cal.2d 409, 421-422 [18] [317 P.2d 974]:

"If such evidence is determined to be relevant to prove a material fact in issue, it is for the trial court in the exercise of its judicial discretion to determine whether its probative value is outweighed by its possible prejudicial effect and to admit or exclude it accordingly, for '[t]his is a situation where the policy of protecting a defendant from undue prejudice conflicts with the rule of logical relevance, and a proper determination as to which should prevail rests in the sound discretion of the trial court, and not merely on whether the evidence comes within certain categories. . . .' "

Here, again, we find only a general objection in which defendant failed to inform the court of his precise point of complaint. (*People* v. *Sellas, supra.*)

### EXCLUSION OF WITNESSES

██ Some time after the trial commenced, defendant moved that all witnesses be excluded from the courtroom, apparently under Code of Civil Procedure, section 2043. The motion was denied. Counsel did not explain to the court any reason for the motion, nor point out any necessity for such order. The making of such order is within the sound discretion of the court. (*People* v. *Garbutt,* 197 Cal. 200, 205 [1] [239 P. 1080]; *People* v. *Lariscy,* 14 Cal.2d 30, 32 [2] [92 P.2d 638].) Under the circumstances here shown, we find no abuse of discretion by the trial court.

### Time for Trial Preparation

 Defendant complains that insufficient time was allowed for trial preparation. The record shows defendant's trial counsel appeared in court on defendant's behalf by motion September 12, 1958. The trial did not begin until November 12, 1958.

Defendant at his own request had been taken back to Nine Mile Canyon for the purpose of assisting him to secure evidence. The court granted a motion to compel production of papers. These papers were made available to defendant and his counsel. Defendant asked for a medical examination of Marilee. This was done, and the doctor's report of examination of Marilee was introduced as a joint exhibit on stipulation of both parties. Foreign subpoenas for eight character witnesses and several others were issued by the court. It appears that all reasonable requests of defendant in preparation for trial were acceded to. It further appears that ample time was given for preparation. We find no abuse of discretion.

### Attorney Representation

Defendant complains that he was not allowed to actively engage in the conduct of witness examination and other court procedure properly being carried on by his attorney. The court patiently explained to him why he could not interrupt and interfere with the conduct of his case by his attorney, and that he could not be represented both by himself and by his attorney. As was stated in *People* v. *Mattson,* 51 Cal.2d 777, 789 [2] [336 P.2d 937]:

". . . defendant is not entitled to have his case *presented* in court *both by himself and by counsel* acting at the same time or alternating at defendant's pleasure. [Citations.] So long as defendant is represented by counsel at the trial, he has no right to be heard by himself. . . ."

### Viewing the Premises

 Defendant complains that his motion to have the court and jury visit the scene of the alleged offenses was denied. This is a matter lying within the sound discretion of the court. (Pen. Code, § 1119; *People* v. *Gibson,* 152 Cal. App.2d 149, 155 [4] [312 P.2d 705].) We find no abuse of the court's discretion in this regard.

### Defendant's Sanity

After the jury returned a guilty verdict, but before judg-

ment, defendant's counsel made a motion that the proceedings be set aside as defendant at this time and during the trial was mentally ill. (Pen. Code, § 1368.) The court denied the motion without prejudice.

The doubt mentioned in Penal Code, section 1368, requiring determination of defendant's sanity if a doubt thereof arises prior to judgment, is one that must arise in the trial judge's mind rather than that of defendant's counsel or any third party. There is no showing that the court had a doubt of defendant's sanity within the meaning of Penal Code, section 1368, nor that it abused its discretion in denying defendant's motion. (*People* v. *Merkouris*, 52 Cal.2d 672, 678 [3, 4, 5] [344 P.2d 1].)

## MOTION TO DISMISS THE INFORMATION

Defendant's trial counsel moved to set aside the information on all counts, on September 12, 1958. After arguments and briefs, the motion was denied. After trial, defendant discharged his trial counsel and took this appeal in propria persona. Later, at his request, this court appointed an attorney to assist him on this appeal. In addition, defendant has himself addressed communications to this court. In one of them, he apparently refers to a motion having been made to augment the record to include memorandum and arguments in some way relating to the motion to set aside the information. A thorough search of the record does not show any motion of any kind to augment our record, nor was any transcript of the preliminary hearing brought to us on appeal. The attorney appointed by this court to represent defendant filed a communication in this court in which he states that he has reviewed not only the record on appeal but also all the documents and exhibits on file in the trial court, and has found no prejudicial error. Matters outside the record cannot be considered on appeal. (*People* v. *Dewson*, 150 Cal.App.2d 119, 125 [2-4] [310 P.2d 162].)

## COUNTS ONE AND TWO COMPRISE BUT ONE ACT

From a careful examination of the evidence, it is clear that the allegation of incest committed with Marilee on September 21, 1956, as alleged in count one, and the allegation of forcible rape of Marilee on September 21, 1956, as contained in count two, arose from the same act of sexual intercourse with Marilee on that date. Both convictions therefore cannot stand, since the single act necessarily caused both crimes. The judgment convicting defendant of the less se-

verely punishable offense should be reversed. (*People* v. *Brown,* 49 Cal.2d 577, 593 [320 P.2d 5].)

 The punishment provided by section 285 of the Penal Code for the crime of incest as set forth in count one, is one to fifty years. The punishment provided by section 264 for the crime of forcible rape, described in section 261, subdivision 4, as set forth in count two, is not less than three years. This punishment is not "expressly prescribed" to be life imprisonment. (*People* v. *Kostal,* 159 Cal.App.2d 444 [323 P.2d 1020].) Nevertheless, under section 671 it may be fixed at life imprisonment by the Adult Authority. Therefore we must consider the crime of incest in the present case to have been included in the greater crime of forcible rape as is set forth in count two of the information.

The judgment of conviction as to count one is reversed, and the judgment of conviction as to counts two, three, four and five and the order denying motion for new trial are affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1961.