No. 67,757

FLOYD CARMICHAEL, *Appellant*, v. STATE OF KANSAS, *Appellee.*
(872 P.2d 240)

Opinion filed April 15, 1994.

*Julie A. Gorenc*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, and *James F. Vano*, special appellate defender, of Overland Park, were on the brief for appellant.

*Debra S. Byrd*, assistant district attorney, argued the cause, and *Julie Wright Connolly*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Floyd Carmichael appeals from the denial of his K.S.A. 60-1507 motion. He sought to set aside his jury convictions of two counts of rape and one count of aggravated kidnapping pursuant to *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992). The Court of Appeals reversed his convictions of rape and affirmed his conviction of aggravated kidnapping. *Carmichael v. State*, 18 Kan. App. 2d 435, 856 P.2d 934 (1993). This court granted the State's petition for review and denied Carmichael's cross-petition for review.

The issue is whether Carmichael's K.S.A. 60-1507 motion seeking to set aside his convictions of rape should have been granted pursuant to *State v. Williams*.

On September 27, 1985, a jury found Carmichael guilty of two counts of rape and one count of aggravated kidnapping. The victim was his daughter.

On July 22, 1991, Carmichael filed the present K.S.A. 60-1507 motion, alleging ineffective assistance of counsel. The district court denied the motion. On appeal, Carmichael made the additional argument based on *Williams* that he was wrongly charged with and convicted of rape. With regard to the conviction of aggravated kidnapping, Carmichael argued that its validity depended on the validity of the rape convictions because he was alleged to have committed the aggravated kidnapping to facilitate commission of the rapes. 18 Kan. App. 2d at 438.

The Court of Appeals concluded that the district court lacked jurisdiction to convict Carmichael of rape of his daughter and reversed his rape convictions. The aggravated kidnapping conviction was affirmed because the Court of Appeals determined that there was evidence sufficient to support alternative theories contained in the aggravated kidnapping charge. 18 Kan. App. 2d at 446-48. Carmichael's cross-petition for review of the Court of Appeals' affirmance of the aggravated kidnapping conviction was denied.

In *Williams*, 250 Kan. at 736-37, this court concluded that when a defendant is related to the victim as set out in K.S.A. 21-3603(1), he may be charged with aggravated incest for engaging

in the acts prohibited by the statute but not with indecent liberties with a child. The decision was based on the principle that a statute dealing specifically with a certain phase of a crime controls over a statute dealing generally with the crime unless the legislature intended otherwise.

With respect to the rape convictions, the Court of Appeals concluded:

"*Williams* states a jurisdictional rule which requires persons within a special class to be charged with aggravated incest. In a criminal action, the trial court must not only have jurisdiction over the offense charged, but it must also have jurisdiction of the question which its judgment assumes to decide. *State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 (1983). Here, the court's judgment of conviction found Carmichael guilty of raping his daughter. If one of the prohibited acts enumerated in the aggravated incest statute is committed by a person who is a biological, step, or adoptive relative of a child victim, that person must be charged with aggravated incest and not with a crime which is applicable to persons in general. Carmichael is within a special class of persons delineated in the aggravated incest statute who must be charged with aggravated incest if he raped a person under the age of 18 who he also knew was related to him.

. . . .

"The trial court was without jurisdiction to convict Carmichael of the rape of his daughter when he was within the special relationship class of persons who must be charged with aggravated incest. A conviction upon charges which do not apply to the person convicted is a clear denial of due process under the Fourteenth Amendment to the United States Constitution. As a result, the judgment against Carmichael for the offense of rape where the court was without jurisdiction to decide the issue is void." 18 Kan. App. 2d at 446.

Since the court's granting of the petition for review in this case, we have decided *State v. Sims*, 254 Kan. 1, 862 P.2d 359 (1993). There, this court expressly rejected the idea that *Williams* announced a jurisdictional rule. Here, as in *Williams*, the petitioner is charged under the general statute rather than the controlling specific statute. The information/complaint is the jurisdictional instrument upon which a defendant stands trial, and it must allege the essential elements of the offense charged. *State v. Bishop*, 240 Kan. 647, 652, 732 P.2d 765 (1987). Since the complaint does allege each essential element of the crime charged, the district court had jurisdiction. As stated at 22 C.J.S., Criminal Law §157, p. 188:

"Whether or not a court has jurisdiction of the offense in a particular case is determined from the allegations in the accusation. An information is the only vehicle by which a court obtains its jurisdiction, and is a limit upon that jurisdiction. Therefore, where the information charges no crime, the court lacks jurisdiction to try the accused. As long as the complaint alleges that a crime has been committed, the court has subject matter jurisdiction even if the criminal statute cannot be applied to the facts involved."

Sims was convicted of rape, aggravated criminal sodomy, and aggravated incest. The victim was his granddaughter. Months after his convictions, Sims filed a motion to arrest judgment on the rape and aggravated criminal sodomy convictions on the ground that, pursuant to *Williams*, the district court had no jurisdiction to convict him of those offenses. The district court agreed and arrested judgment on the rape and aggravated criminal sodomy convictions. 254 Kan. at 3-4. On appeal, the parties were directed to brief this question: "Did the district court have jurisdiction to arrest judgment in this case on the basis of defendant's motion to arrest judgment which was filed later than the time authorized by K.S.A. 22-3502?" 254 Kan. at 5.

The timing of Sims' motion differed greatly from that of Williams', which was made at the conclusion of the preliminary examination. In that regard, the court stated in *Sims*: "Because *Williams* dealt with sufficiency of the evidence at the preliminary examination and not with jurisdiction, *Williams* does not answer the question in this case." 254 Kan. at 8. The court observed that a motion for arrest of judgment, such as Sims' motion, "does not test the sufficiency of the evidence to convict a defendant of the crime." 254 Kan. at 9.

In Sims' case, we held:

"Where the evidence adduced at trial does not support the crime alleged in the charging document but supports a separate crime, the defendant cannot challenge the verdict on grounds of insufficiency of the evidence by a motion to arrest judgment. A motion to arrest judgment is a challenge to the charging instrument or the jurisdiction of the court to try the offense alleged in the charging document, whereas an insufficiency argument is a challenge to the verdict." 254 Kan. at 11.

Thus, this court found the district court did not have jurisdiction to arrest Sims' convictions for rape and aggravated criminal sodomy. 254 Kan. at 11.

Carmichael, like Sims, filed a motion long after he had been convicted of rape of a relative, seeking to reverse his convictions. The procedural device used by Sims was a motion to arrest judgment; the procedural device used by Carmichael was a K.S.A. 60-1507 motion. As discussed in *Sims*, Williams challenged the crime charged in the complaint at the conclusion of the preliminary examination. The magistrate discharged Williams because it did not appear from the evidence which had been adduced at the preliminary examination that Williams had committed the crime with which he had been charged. Hence, *"Williams* dealt with sufficiency of the evidence at the preliminary examination." 254 Kan. at 8. The basis for this court's decision in *Sims* was that his challenge, like Williams' challenge at the preliminary examination, was on grounds of sufficiency of the evidence. Thus, Sims' challenge was to the verdict rather than to the charging instrument.

In the present case, the State charged Carmichael with a general sexual offense, rape, and the evidence has established that the victim is within that degree of kinship to Carmichael as would render the offense to be within the definition of the specific offense of aggravated incest. In other words, the evidence adduced at trial not only supports the crime alleged in the charging document, rape, but also supports the crime of aggravated incest.

The State responds that since Carmichael did not raise the issue in the district court, he cannot raise it for the first time in this appeal. The State further argues that defects not raised by motion prior to trial are waived. Moreover, the State contends that Carmichael cannot raise this issue in his 60-1507 motion because, pursuant to Supreme Court Rule 183 (1993 Kan. Ct. R. Annot. 152), he must allege and prove exceptional circumstances which would excuse his failure to raise the issue in his prior direct appeal. We find no merit in the State's argument.

Supreme Court Rule 183(c)(3) provides, in part: "Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal." Clearly, Rule 183(c)(3) is applicable to trial errors affecting constitutional rights and not to errors involving the imposition of sentence.

In the present case, we are not dealing with "trial errors affecting constitutional rights" but, rather, with the failure of the State to charge the petitioner with aggravated incest (the specific offense) rather than rape (the general offense). The rule that where one statute is more specific than another, and therefore controlling, is used to determine the intent of the legislature where two statutes are in conflict. By determining which statute is more specific, the court can determine which statute the legislature intended to apply. In *Williams*, we held that aggravated incest is the specific crime, stating:

"A statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is specific. *Seltmann v. Board of County Commissioners*, 212 Kan. 805, Syl. ¶ 2. Under this broad definition one of the statutes relates a general law and the other a specific law.

"Although the elements of the two crimes are similar, the distinguishing factor is that aggravated incest requires the act to be committed by a biological, step, or adoptive relative of the child. This relationship is not an element in the indecent liberties with a child statute. From a reading of these statutes, it is clear that the legislature intended to establish certain sex offenses applicable where family relationships are not involved. The legislature also intended that aggravated incest, a crime committed by a person related to the victim, constitutes a less serious offense than when a similar prohibited act is perpetrated by a defendant against a child with whom he or she has no family relationship." 250 Kan. at 736-37.

In *Sims*, the State's failure to charge the defendant under the specific statute was held not to be jurisdictional or to render the complaint defective. For that reason, relief was not available to Sims on his motion to arrest judgment. Here, Carmichael is challenging the State's failure to charge him with the specific offense, which ultimately resulted in the imposition of an erroneous sentence. Hence, he need not show exceptional circumstances in order to raise the issue in a 60-1507 motion.

We further note that in *White v. State*, 222 Kan. 709, 568 P.2d 112 (1977), the petitioner raised "trial errors" in his 60-1507 motion, stating that he was not aware he could raise them on direct appeal. Although petitioner failed to show exceptional circumstances, this court stated: "[W]e conclude that the ends of justice

will best be served by reaching the merits of his motion." 222 Kan. at 712.

K.S.A. 60-1507 provides in pertinent part:

"(a) *Motion attacking sentence.* A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence.

"(b) *Hearing and judgment.* . . . If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate."

Clearly, pursuant to 60-1507, a prisoner asserting that the sentence was illegal or void may move the court to vacate or correct the sentence at any time.

In *State v. Scherzer*, 254 Kan. 926, Syl. ¶ 1, 869 P.2d 729 (1994), we held:

"This court has general statutory jurisdiction to correct, modify, vacate, or reverse any act, order, or judgment of a district court in order to assure that any such act, order, or judgment is just, legal, and free of abuse. K.S.A. 1992 Supp. 60-2101(b). The court has specific statutory jurisdiction to correct an illegal sentence at any time. K.S.A. 22-3504."

In so holding, we said:

"We have defined an ' "illegal sentence" [as] either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served.' *State v. Ruff*, 252 Kan. 625, 628, 847 P.2d 1258 (1993). The jurisdiction of the court to impose the sentence or the ambiguity of the sentence is not at issue in this case. The sole challenge is whether this sentence does not conform to the statutory provisions.

". . . The sentence imposed does not conform to the statutory provision and it is an illegal sentence. The matter is remanded to the district court for correction of the illegal sentence." 254 Kan. at 939.

In *State v. Felton*, 194 Kan. 501, 399 P.2d 817 (1965), the defendant filed a 60-1507 motion to vacate, set aside, or correct his sentence. Felton was sentenced under the Habitual Criminal Act. This court held that since his prior conviction did not precede the offense for which he was convicted, "the trial court's action in invoking the act to increase the punishment for the principal offense was not warranted and cannot be upheld." 194 Kan. at 506. We concluded that he was not entitled to be released from custody; rather, we ordered that he be returned to the district court for imposition of a proper sentence.

Although not cited by either party, *State v. Moore*, 242 Kan. 1, 748 P.2d 833 (1987), must be addressed. In *Moore*, the defendant engaged in sexual intercourse with his daughter, which she did not resist out of fear. The defendant was charged and convicted of one count of rape and one count of aggravated incest. We held aggravated incest is not a lesser included crime of rape. Although the two offenses arise out of the one act of sexual intercourse, we concluded each crime required proof of an element not required by the other, and therefore, aggravated incest is not a crime which is necessarily proved if the crime of rape is charged and proved. We further stated: "Nor have incest and rape been traditionally considered to be different degrees of the same generic offense for purposes of K.S.A. 1986 Supp. 21-3107(2)(a). Rather, the crimes of incest and rape in Kansas and other states have been considered to be separate and independent crimes." 242 Kan. at 4. We found that the defendant had been properly convicted of both crimes.

Other jurisdictions which have considered this issue are not in agreement. The courts holding rape and incest to be separate and independent crimes are cited in *Moore*. Our research has not disclosed that any of these cases have been overruled or reversed since *Moore* was decided. The basic rationale in these cases is that rape and incest have different elements and therefore are distinct offenses.

However, some state courts have rejected this rationale. In *Love v. State*, 190 Ga. App. 264, 378 S.E.2d 893 (1989), the defendant was charged and convicted of rape and incest from a

single act of sexual intercourse. The Georgia Court of Appeals held that the offenses merged where there is a single act of sexual intercourse, stating:

" 'An examination of the elements of rape and incest . . . reveals that, as a matter of *fact*, if [defendant] were found to have engaged in sexual intercourse, a necessary element of rape, with his niece, an incestuous relationship proscribed by [OCGA § 16-6-22], then he must necessarily have committed the crime of incest. Thus, applying the "alternative test" enunciated in *Pryor* [*v. State*, 238 Ga. 698, 234 S.E.2d 918], it appears that as a matter of *fact*, in the instant case, the crime of incest is "included" within the crime of rape, as intended by [OCGA § 16-1-6].' " 190 Ga. App. at 265 (quoting *Ramsey v. State*, 145 Ga. App. 60, Syl. ¶ 10, 243 S.E.2d 555, *rev'd on other grounds* 241 Ga. 426, 246 S.E.2d 190 [1978]).

In *People v. Bales*, 189 Cal. App. 2d 694, 11 Cal. Rptr. 639 (1961), the defendant was convicted of incest, rape, sodomy, and sex perversion. The court held incest was included within the greater crime of forcible rape. In reversing the conviction for incest, the court said:

"From a careful examination of the evidence, it is clear that the allegation of incest committed with [the victim] on September 21, 1956, as alleged in count one, and the allegation of forcible rape of [the victim] on September 21, 1956, as contained in count two, arose from the same act of sexual intercourse with [the victim] on that date. Both convictions therefore cannot stand since the single act necessarily caused both crimes. The judgment convicting defendant of the less severely punishable offense should be reversed. [Citation omitted.]" 189 Cal. App. 2d at 704.

Our holding in *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), that if the defendant is related to the victim as set out in 21-3603(1) he must be charged with aggravated incest and not indecent liberties with a child, conflicts with our holding in *Moore,*as does our decision in *State v. Siard*, 245 Kan. 716, 783 P.2d 895 (1989). In *Siard*, the defendant argued that his convictions for indecent liberties with a child and aggravated incest arise out of one act and are therefore multiplicitous. The Court of Appeals disagreed, pointing out that the defendant was charged with one count of aggravated incest and one count of indecent liberties with a child with each of his two daughters. " 'There was sufficient evidence to charge and convict him of approximately thirty separate counts. The charges in this case were based on

separate and distinct acts, not the same act or occurrence, and are not multiplicitous.' " 245 Kan. at 722. In reversing the Court of Appeals on other grounds, we said:

"We agree with the analysis of the Court of Appeals. However, as this case must be tried again, we suggest that it might be advisable for the trial court to make it clear in the instructions that the charges of aggravated incest and indecent liberties with a child cannot both be based upon the same sexual act." 245 Kan. at 723.

In *Williams*, this court, in essence, overruled *Moore* without ever mentioning or acknowledging its existence. In so doing, we did not embrace the rationale that there is one wrongful act, *i.e.*, forcible sexual intercourse, and, where incestuous, the crime of incest is included in and merges with the crime of rape. Nor do we do so now. Although the conduct prohibited in aggravated incest and rape can be identical, *i.e.*, sexual intercourse, the offenses are not. Aggravated incest requires the additional elements of a victim under 18 years of age, kinship, and that the offender be aware of the kinship. Rape requires force; aggravated incest does not. For that reason, we have held that aggravated incest is not included in nor merges with the offense of rape. Nor have we found the two offenses to be multiplicitous. Rather, we concluded that since aggravated incest is the specific offense and rape the general offense, the defendant should be charged only with aggravated incest. Here, based on our holdings in *Williams* and *Sims*, the district court did not lose jurisdiction, and where, as here, the petitioner is charged and convicted of rape of his daughter rather than aggravated incest, the proper remedy is to vacate the sentence imposed for rape and resentence the petitioner for aggravated incest. Any language to the contrary in *Moore* and our previous opinions is disapproved.

The Court of Appeals erred in holding that the district court did not have jurisdiction to convict Carmichael. We agree with the Court of Appeals that the sentences imposed for the two counts of rape should be vacated. However, the defendant must be returned to the District Court of Sedgwick County to be resentenced for aggravated incest.

The judgment of the Court of Appeals affirming in part and reversing in part the district court is affirmed in part and reversed

in part. The district court's order denying the petitioner's 60-1507 motion is reversed, the sentences imposed for rape are vacated, and the case is remanded to the district court with directions to resentence the petitioner in the original criminal case in conformity with this opinion.

HOLMES, C.J., not participating.

PRAGER, C.J. Retired, assigned.