**Steven D. BEEM, Petitioner,**

v.

**David McKUNE, Warden, Lansing Correctional Facility; and Carla Stovall, Kansas Attorney General, Respondents.**

**No. 98–3158–DES.**

United States District Court,
D. Kansas.

July 18, 2000.

Michael S. Holland, Holland & Holland, Russell, KS, for Petitioner.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner alleges that he is being confined in state custody for a crime of which he was not charged, tried or convicted in violation of his rights under the United States Constitution. Both parties have submitted briefs on this issue and the court is ready to rule.

## I. PROCEDURAL BACKGROUND

On August 1, 1989, the petitioner was convicted in the District Court of Reno County, Kansas, of one count of indecent liberties with a child in violation of Kan. Stat. Ann. § 21–3503, and one count of

aggravated assault in violation of Kan. Stat. Ann. § 21–3410. The petitioner appealed his conviction to the Kansas Court of Appeals, which denied his appeal ·on March 1, 1991. On September 29, 1995, the District Court of Reno County, Kansas, vacated the petitioner's sentence for indecent liberties with a child pursuant to Kan. Stat. Ann. § 60–1507 and ordered the petitioner be resentenced for aggravated incest. The District Court of Reno County resentenced the petitioner on July 9, 1996, in accordance with the crime of aggravated incest, over the petitioner's objection. The Kansas Court of Appeals affirmed the sentence on April 3, 1998, and the Kansas Supreme Court denied review. The petitioner then filed this case in federal court seeking relief under 28 U.S.C § 2254.

The petitioner claims that his being sentenced in accordance with aggravated incest violates his right to due process of law under the Fourteenth Amendment and right to trial by jury under the Sixth Amendment. The state claims that the petitioner's sentence was correctly decided under state law and that no federal constitutional violations exist.

Additional facts will be discussed below, when necessary.

## II. STANDARD OF REVIEW

A petitioner is entitled to federal habeas corpus relief on claims adjudicated on the merits in a state court proceeding only if he establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). These standards, imposed by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), increase the degree of deference afforded to state court decisions. *Houchin v. Zavaras,* 107 F.3d 1465, 1470 (10th Cir.1997).

The Tenth Circuit has applied these standards without need to define them beyond their precise statutory wording. Likewise, the court finds the present case can be decided without a more exacting interpretation of the statute. Under any of the deferential standards announced by the Circuit Courts, petitioner is not entitled to relief on any of his claims. *See Smallwood v. Gibson,* 191 F.3d 1257, 1265, n. 2 (10th Cir.1999) (declining to adopt a specific interpretation of § 2254(d)(1) where result would not be altered under any of the varying standards and noting that the Supreme Court granted certiorari to review the Fourth Circuit's interpretation of these standards (*See Williams v. Taylor,* 526 U.S. 1050, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999))).

## III. ANALYSIS

Pursuant to Kansas law, where a defendant's actions would allow the state to charge him under two similar criminal statutes, the state must proceed under the more specific statute. *See Carmichael v. State,* 255 Kan.· 10, 872 P.2d 240, 246–47 (1994). For example, in *Carmichael,* the defendant was charged and convicted with the rape of his daughter. The Kansas Supreme Court held that the more specific crime of aggravated incest was applicable to the case because of the relationship between the defendant and the victim. However, contrary to the allegations made by petitioner in this case, the court held that the failure to charge the defendant with the more specific crime· was not a jurisdictional issue and that the error was not fatal to the conviction. *Id.* at 247. The court held that the proper remedy when a defendant was charged with a general offense rather than an equally applicable specific offense was to resentence the defendant as if he were tried and convicted of the less serious offense. *Id.* In making this ruling, the Kansas Supreme Court relied exclusively on Kansas state law.

The petitioner was convicted of indecent liberties with a child. However, in his

state habeas corpus petition the petitioner pointed out that because he was the victim's step-parent, he should have been charged under the more specific crime of aggravated incest. The Kansas Court of Appeals, relying on Kansas law, agreed that he should have been charged under the more specific statute, but that the remedy was to resentence the petitioner as if he had been convicted of aggravated incest rather than indecent liberties with a child. This holding was based on the *Carmichael* decision.

The petitioner claims that he is being held in prison for a crime of which he was never charged, tried or convicted—aggravated incest. The petitioner has pointed to no constitutional right which guarantees criminal defendants the right be charged with the more specific crime when two or more potential charges could be brought for the same act. This right appears to be based solely in Kansas law. As a remedy to this state right violation, the Kansas courts have held that the petitioner should receive the benefit of the lighter sentence which he would have received had he been properly charged and convicted of aggravated incest.

The court finds that the petitioner is not being held in violation of his federal constitutional rights to a trial by jury and due process, as guaranteed by the Sixth and Fourteenth Amendments. The petitioner was tried and convicted of indecent liberties with a child. The petitioner does not claim that this conviction violated any federal rights. The conviction did, however, violate rights guaranteed by Kansas law. As a remedy for the violation this state right, the Kansas courts held that the petitioner should be given the benefit of receiving a lesser sentence as if he were convicted of aggravated incest. The petitioner's sentence results from an interpretation of state law and does not violate any of his federal rights. Having failed to show that his sentence is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreason-able determination of the facts in light of the evidence presented in the State court proceeding," the petition for a writ of habeas corpus will be denied.

## IV. CONCLUSION

The court finds that the petitioner is not entitled to relief in this case. The petitioner's sentence, which he claims is in violation of the Sixth and Fourteenth Amendments of the United States Constitution, is based on an application of Kansas law. The fact that the petitioner was given a sentence as if he had been convicted of aggravated incest, rather than the crime charged of indecent liberties with a child, was nothing more than a beneficial remedy afforded the petitioner by the Kansas courts for a violation of a right created under Kansas law. Having found no violation of any federal rights, the court will deny the petition for a writ of habeas corpus.

**IT IS THEREFORE BY THIS COURT ORDERED** that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is denied.