Donald **HENSON**, Jr., Plaintiff,

v.

David R. **McKUNE**, et al., Defendant.

No. 98–3246–DES.

United States District Court, D. Kansas.

July 19, 2000.

Donald Henson, Jr., Lansing, MI, Pro se.

Michael S. Holland, Holland & Holland, Russell, KS, for Plaintiff.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner alleges that he is being confined in state custody for a crime of which he was not charged, tried or convicted in violation of his rights under the United States Constitution. Both parties have submitted briefs on this issue and the court is ready to rule.

## I. FACTUAL BACKGROUND

The court finds the actual facts leading up to the arrest and conviction of the petitioner are not material to this petition. The petitioner was charged and convicted of three counts of rape of a child under the age of 16. The petitioner was sentenced to three consecutive terms 7–20 years for the rape convictions. On direct appeal, the Kansas appellate courts vacated the petitioner's sentences pursuant to *Carmichael v. State*, 255 Kan. 10, 872 P.2d 240 (1994) and ordered the petitioner be resentenced as if he had been convicted of three counts of aggravated incest. This was due to the fact that the victim in the case was the petitioner's step-daughter and the crime of aggravated incest is a more specific crime than that of rape. On remand, the petitioner was sentenced to three consecutive terms of 3–7 years imprisonment. The petitioner again appealed the sentence because the district judge failed to address the fact that the petitioner's sentence called for a presumption of community corrections. On remand from this appeal, the district court departed from the presumption of community corrections and ordered the petitioner to be confined in prison for his convictions. This ruling by the court was affirmed by the Kansas appellate courts on appeal.

The petitioner now claims that he is being held in violation of his federal right of trial by jury, as guaranteed by the Sixth Amendment of the United States Constitution, and his right to due process of law, as guaranteed by the Fourteenth Amendment. He claims that any attempt to obtain relief by filing a habeas corpus petition in state court would be futile because the Kansas appellate courts have already ruled on this issue. The state claims that

the petitioner should be required to exhaust his state remedies, but also claims that he is not entitled to relief because he is not being held in violation of his federal rights.

## II. STANDARD OF REVIEW

A petitioner is entitled to federal habeas corpus relief on claims adjudicated on the merits in a state court proceeding only if he establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). These standards, imposed by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), increase the degree of deference afforded to state court decisions. *Houchin v. Zavaras,* 107 F.3d 1465, 1470 (10th Cir.1997).

The Tenth Circuit has applied these standards without need to define them beyond their precise statutory wording. Likewise, the court finds the present case can be decided without a more exacting interpretation of the statute. Under any of the deferential standards announced by the circuit courts, petitioner is not entitled to relief on any of his claims. *See Smallwood v. Gibson,* 191 F.3d 1257, 1265, n. 2 (10th Cir.1999) (declining to adopt a specific interpretation of § 2254(d)(1) where result would not be altered under any of the varying standards and noting that the Supreme Court granted certiorari to review the Fourth Circuit's interpretation of these standards (*See Williams v. Taylor,* 526 U.S. 1050, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999))).

## III. ANALYSIS

### A. Exhaustion of State Remedies

■ A petitioner is ordinarily required to exhaust all remedies in state court before filing a petition for a writ of habeas corpus. *See* 28 U.S.C § 2254(b)(1).

However, the exhaustion requirement is jurisdictional and may be waived by the state or avoided by the petitioner if an attempt to exhaust would be futile. *Clayton v. Gibson,* 199 F.3d 1162, 1170 (10th Cir.1999). Although the state has not waived the exhaustion requirement, the petitioner claims that any attempt to resolve this issue in the Kansas state courts would be futile.

The exact issue raised in this petition were raised before the Kansas Court of Appeals in *State v. Beem,* 960 P.2d 266 (1998). In *Beem,* the court denied the petitioner relief relying on existing state court precedent. The Kansas Supreme Court subsequently denied review of the case. The Kansas appellate courts have had the opportunity to address this issue and found that the petitioner's arguments are without merit. The court finds that requiring the petitioner to exhaust his administrative remedies in this case would be futile. Therefore, the court will address the merits of the petition.

### B. Merits of the Petition

■ The petitioner was tried and convicted of three counts of rape. The Kansas appellate courts vacated the petitioner's sentences for those convictions and ordered him to be sentenced as if he had been convicted of aggravated incest. This ruling was based upon the fact that Kansas requires the state to charge criminal defendants with the more specific crime of aggravated incest rather that the general crimes of rape or indecent liberties if the facts of the case show that aggravated incest is a proper charge. The petitioner claims that he is being held in prison for a crime of which he was never charged, tried or convicted in violation of his right to a trial by jury and his right to due process of law.

The court previously addressed this issue in *Beem v. McKune,* 106 F.Supp.2d 1206 (D.Kan.2000). In the Memorandum and Order dated July 18, 2000, the court held that the petitioner was not being held

in violation of any federal right and, therefore, denied the petition for a writ of habeas corpus. The court hereby adopts the reasoning of the Memorandum and Order in *Beem* and finds that the petitioner in this case is not entitled to any relief.

## IV. CONCLUSION

The court finds that exhaustion of state remedies by the petitioner would be futile in this case. Therefore, the court will not require the petitioner to exhaust all state remedies before reaching the merits of the petition. However, based upon the court's previous ruling in *Beem v. McKune,* the court finds that the petitioner is not entitled to any relief before this court on his petition for a writ of habeas corpus. A copy of the Memorandum and Order denying the petition for a writ of habeas corpus in the *Beem* case is attached to this order.

**IT IS THEREFORE BY THIS COURT ORDERED** that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C § 2254 is denied.