NOT DESIGNATED FOR PUBLICATION

No. 120,837

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

OWEN K. LINGENFELTER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed June 19, 2020.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before POWELL, P.J., GARDNER, J. and WALKER, S.J.

PER CURIAM:  Owen K. Lingenfelter appeals the district court's summary denial of
his K.S.A. 60-1507 motion. He contends that the district court erred in not construing his
motion as a motion to correct an illegal sentence. But the record shows that Lingenfelter
had previously filed several K.S.A. 60-1507 motions, as well as a motion to correct an
illegal sentence. Because both Lingenfelter and the district court knew the difference
between the two, and the motion appeared to be a K.S.A. 60-1507 motion in both style
and substance, we find no basis for reversal.

1

*Factual and Procedural Background*

A jury convicted Owen Lingenfelter of raping his 16-year-old niece in 2005. He was sentenced to 620 months in prison. This court upheld Lingenfelter's conviction and sentence in 2007. See *State v. Lingenfelter*, No. 95,892, 2007 WL 1309610 (Kan. App. 2007) (unpublished opinion).

Since then, Lingenfelter has raised various challenges to his conviction and sentence. Three of those attempts have reached this court, including Lingenfelter's first and second motions for K.S.A. 60-1507 relief. See *Lingenfelter v. State*, No. 108,459, 2013 WL 3491292 (Kan. App. 2013) (unpublished opinion) (affirming district court's denial of Lingenfelter's second K.S.A. 60-1507 motion); *State v. Lingenfelter*, No. 105,551, 2012 WL 687836 (Kan. App. 2012) (unpublished opinion) (affirming district court's denial of Lingenfelter's petition for DNA testing); and *Lingenfelter v. State*, No. 102,391, 2010 WL 4320356 (Kan. App. 2010) (unpublished opinion) (affirming district court's denial of Lingenfelter's first K.S.A. 60-1507 motion).

Lingenfelter filed his fifth K.S.A. 60-1507 motion—the subject of this appeal—in 2017, pro se. He argues that his sentence must be vacated under the Kansas Supreme Court's decision in *Carmichael v. State*, 255 Kan. 10, 872 P.2d 240 (1994), *superseded by statute as stated in State v. Toothman*, 310 Kan. 542, 548-50, 448 P.3d 1039 (2019). *Carmichael* held that the defendant should have been charged with aggravated incest rather than rape, so the court vacated the sentence imposed for rape and resentenced him for aggravated incest. Lingenfelter contends that because he forced his niece—as opposed to someone he was unrelated to—to engage in sexual intercourse, the same should happen here. The district court summarily denied the motion as untimely and successive.

Lingenfelter's fifth K.S.A. 60-1507 motion raises the same issue Lingenfelter raised three times earlier in various postconviction motions. Lingenfelter first raised this

issue in 2011 in his second K.S.A. 60-1507 motion. The district court summarily denied that motion as untimely and successive. In 2013, a panel of this court affirmed the district court's denial. See *Lingenfelter*, 2013 WL 3491292, at *2. In 2012, Lingenfelter raised this argument again—although without explicitly relying on *Carmichael*—through a pro se motion for a "Downward Departure." The district court summarily denied that motion in 2012, finding that it lacked jurisdiction to modify Lingenfelter's sentence and that his claim was barred by res judicata. Lingenfelter raised this argument a third time in 2016 through his pro se motion to correct an illegal sentence under K.S.A. 22-3504, arguing his sentence did not conform to the statutory provisions under *Carmichael*. The district court summarily denied that motion, finding Lingenfelter improperly sought to collaterally attack his conviction through a motion to correct an illegal sentence.

Lingenfelter timely appeals the district court's denial of his fifth K.S.A. 60-1507 motion.

*The District Court Properly Construed Lingenfelter's Pro Se Pleading as a K.S.A. 60-1507 Motion.*

Lingenfelter's only argument on appeal is that the district court should have liberally construed his pro se motion as a motion to correct an illegal sentence under K.S.A. 22-3504. He claims "every aspect" of his motion "point[ed] unequivocally" to the fact that he was challenging the legality of his sentence.

"Whether a district court properly construed a pro se pleading is a question of law subject to unlimited review." *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019).

Courts must interpret pro se pleadings based on their contents rather than solely on their titles or labels. When construing pro se postconviction motions, courts need not rigidly adhere to the pleading requirements, but should consider the relief requested.

3

*Redding*, 310 Kan. at 18. But in *Redding*, our Supreme Court recognized that a court's duty to liberally interpret pro se pleadings is subject to limitations: "A court is not required to divine every conceivable interpretation of a motion, especially when a litigant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute." 310 Kan. at 18. That is the case here.

Lingenfelter labeled his motion as a "K.S.A. 60-1507" motion and he filed it as a separate civil action. See Supreme Court Rule 183(a)(1) (2019 Kan. S. Ct. R. 228). Lingenfelter submitted the motion on the Judicial Council form for a K.S.A. 60-1507 motion and provided information required by that form. See Rule 183(e). In it, he argued that manifest injustice would result from refusing to hear his claims. That is the type of argument necessary to meet the statutory exception to the one-year time limit for filing a K.S.A. 60-1507 motion. See K.S.A. 2019 Supp. 60-1507(f)(1)-(2).

True, Lingenfelter's motion did ask the district court to vacate his sentence, but he did not specifically argue that his sentence was illegal, nor did he cite the illegal sentence statute, K.S.A. 22-3504. Yet in 2016, Lingenfelter proved himself capable of making an illegal sentence argument when he filed a pro se motion to correct an illegal sentence and claimed that his sentence did not conform to the statutory provisions under K.S.A. 22-3504. And having filed four previous K.S.A. 60-1507 motions, Lingenfelter is well-acquainted with the drafting and filing requirements for seeking K.S.A. 60-1507 relief. Thus, Lingenfelter's pleading was a K.S.A. 60-1507 motion in both form and substance. The district court correctly construed it as such.

Lingenfelter filed his fifth K.S.A. 60-1507 motion outside the one-year time limit for seeking K.S.A. 60-1507 relief. See K.S.A 2019 Supp. 60-1507(f)(1). Although he argued to the district court that this one-year time limit should be extended to prevent manifest injustice, he does not renew that argument on appeal. See K.S.A 2019 Supp. 60-1507(f)(2). His fifth K.S.A. 60-1507 motion is also successive because he has previously

sought K.S.A. 60-1507 relief. See K.S.A. 2019 Supp. 60-1507(c) (district courts "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner"); *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). In his K.S.A. 60-1507 motion, Lingenfelter did not argue that exceptional circumstances warranted consideration of his successive motion, nor does he argue exceptional circumstances on appeal. See *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018) (district courts can dismiss successive motion unless exceptional circumstances justify its consideration). Lingenfelter has therefore abandoned any argument that the district court erred in summarily denying his K.S.A. 60-1507 motion as untimely and successive. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed are considered waived or abandoned).

As a final matter, we note that even had Lingenfelter's motion been one to correct an illegal sentence under K.S.A. 22-3504, Lingenfelter would not have been entitled to relief. Lingenfelter's substantive support for his K.S.A. 60-1507 motion was *Carmichael*, but that case does not apply to his charge, conviction, or sentence. In *Carmichael*, a defendant's sentence for raping his daughter was vacated and the case was remanded for resentencing for aggravated incest because aggravated incest was the crime most applicable to the case. 255 Kan. at 19-20. But the *Carmichael* court interpreted pre-1993 statutory language not in effect when Lingenfelter forced his niece to engage in sexual intercourse in 2005. Since 1993, aggravated incest has not been a more specific crime than rape. See *Toothman*, 310 Kan. at 548-50. And *Carmichael* found the district court had jurisdiction, even though the defendant was improperly charged. So Lingenfelter's continued reliance on *Carmichael* to argue that his sentence was imposed without jurisdiction is in error.

Affirmed.