**Lenny Paul WELLS, Petitioner-Appellant,**

v.

**Thomas G. PINNOCK, Deputy Assistant Secretary, Department of Social and Health Services, Respondent-Appellee.**

No. 72-1582.

United States Court of Appeals, Ninth Circuit.

June 29, 1972.

Lenny Paul Wells, in pro. per.

Slade Gorton, Atty. Gen., Paul J. Murphy, Stephen G. Jamieson, Asst. Attys. Gen., Seattle, Wash., for appellee.

Before MERRILL, ELY, and GOODWIN, Circuit Judges.

PER CURIAM:

Wells is a Washington state prisoner, convicted of the offense of possessing heroin in violation of Wash.Rev. Code § 69.33.410. For his offense, he was sentenced to a maximum term of confinement of twenty years, a sentence allowable under the applicable statute as it existed at the time of his conviction.

Wells appealed his conviction to the Washington appellate courts, and pending the appeal, Washington's legislature enacted the Uniform Controlled Substances Act, Wash.Rev.Code § 69.50.-101–.608. This Act repealed the statute under which Wells had been convicted and sentenced. The new statute reduced the maximum allowable punishment for the offense, such as committed by Wells, to a period of ten years, and further provided

> "Prosecution for any violation of law occurring prior to the effective date of this act is not affected or abated by this act. If the offense being prosecuted is similar to one set out in Article IV of this act, then the penalties under Article IV apply if they are less than those under prior law."

Wash.Rev. Code § 69.50.601(a). The Washington Supreme Court, in an unpublished Order Denying [Wells'] Application For Writ of Habeas Corpus, held that "a criminal prosecution ends with the rendition of judgment and sentence, and therefore petitioner's case does not fall within the Uniform Controlled Substances Act." Wells v. Pinnock, No. 42,165 (Wash. Jan. 28, 1972).

Having exhausted his state remedies, Wells filed a petition for habeas corpus in the District Court, and he appeals from the dismissal of that petition. We affirm.

Wells contends that the Washington courts' failure to apply the Uniform Controlled Substances Act to his case constituted a denial to him of his federally protected rights to Equal Protection and Due Process. It is apparent, however, that no federal constitutional question is presented. In rejecting Wells' claim, the Washington Supreme Court relied solely upon its interpretation of the legislature's purpose in enacting section 69.50.601(a). While we perceive a great deal of logic in Wells' argument, we are unable to substitute our judgment as to the proper interpretation of Washington's laws for that of the high-est court of the state. *See, e. g.,* Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972). Wells' reliance upon State v. Zornes, 78 Wash.2d 9, 475 P.2d 109 (1970), is therefore misplaced. *Zornes* involved entirely different statutes and issues of statutory construction distinct from those involved in the case at hand.

Manifestly, it is hardly right that Wells should face the possibility of imprisonment for twenty years while others committing the same offense a short time later confront, at the worst, the prospect of being confined for a decade less. While we are not insensitive to that consideration, it cannot, of course, induce us to distort the law. If such a consideration should operate to Wells' advantage, any such operation can be effected only by the responsible penal authorities of the State of Washington.

Affirmed.