**The STATE of Utah, Plaintiff and Respondent,**

v.

**Von W. ATKINSON, Defendant and Appellant.**

**No. 13771.**

Supreme Court of Utah.

Feb. 25, 1975.

Galen Ross, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

In October of 1972 a complaint was filed in the City Court of Salt Lake City charging the defendant with the crime of sodomy in violation of the then existing Section 76–53–22, U.C.A.1953. The offense allegedly occurred October 12, 1972, involved the defendant and a 14-year-old boy. After a preliminary hearing defendant was ordered bound over to the district court; and an information was filed charging the defendant with the said crime.

After numerous proceedings and continuances, the details of which are not material here, the defendant and his counsel finally appeared before the district court on January 24, 1974, and entered a plea of guilty to the crime of sodomy as charged in the information. Pursuant to appropriate orders the defendant was committed to the Utah State Hospital for 30 days for psychiatric examination and evaluation; and a further 90-day commitment to the Utah State Prison for the same purpose.

Meanwhile, after the commission of the offense, but prior to the sentencing, the new penal code enacted by the 1973 legislature had gone into effect.[1] Two sections of that code proscribe crime of the same general character of sodomy as dealt with in the old statute, Section 76–53–22, U.C.A. 1953, under which the defendant was charged. The new Section 76–5–403(1) defines certain acts as sodomy. Subsection (3) classifies sodomy as a class B misdemeanor. For that class of misdemeanor the penalty is imprisonment not to exceed six months.[2] Section 76–5–403(2) defines

---

1. Chap. 196, S.L.U.1973, which became effective July 1, 1973, as Title 76 of U.C.A. 1953.

2. Section 76–3–204(2), U.C.A.1953.

the related crime of forcible sodomy which subsection (3) classifies as a second-degree felony. For that class of felony the penalty is imprisonment for an indeterminate term of one to fifteen years.[3]

Defendant's contention is that because of the change in the law above referred to, he is entitled to the benefit of the lesser penalty in accordance with our ruling in the case of State v. Tapp.[4] In regard to that contention we make these observations: In one sense it could be said that the new statutes just referred to created two crimes, different and distinct from the sodomy stated in general terms in the old statute, Section 76–53–22, so that it is not necessarily true that the penalty for the crime the defendant was charged with, and to which he pleaded guilty, has been reduced. Nevertheless, the trial court in fact gave consideration to the change in the law.

After the defendant pleaded guilty to the crime as charged in the information, the court did not sentence the defendant to the indeterminate term of three to twenty years as provided for that offense, but took into consideration the newly enacted statutes which give lesser penalties for crimes of the nature of that to which the defendant had pleaded guilty. He conducted a hearing as to the facts of the case for the purpose of determining under which of the newly enacted sections he thought proper to impose the sentence; and he concluded that the ends of justice required that he should impose the indeterminate sentence of one to fifteen years as specified in Section 76–3–203(2) for forcible sodomy.

Inasmuch as the defendant actually has a lesser sentence than would have been warranted under the law,[5] we do not see wherein he has any just cause for complaint. This is especially true because under our procedure the time actually to be served is to be determined by the Board of Pardons anyway. We are not persuaded that we should interfere with the judgment and sentence of the trial court.

Affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, TUCK-ETT and MAUGHAN, JJ., concur.

---

3. Section 76–3–203(2), U.C.A.1953.

4. 26 Utah 2d 392, 490 P.2d 334.

5. Section 76–1–103, U.C.A.1953, states: "Any offense committed prior to the effective date of this code shall be governed by the law, statutory and non-statutory, existing at the time of commission thereof, except that a defense or limitation on punishment available under this code shall be available to any defendant tried or retried after the effective date. . . ."