**Joseph VON ATKINSON, Petitioner-Appellee,**

v.

**Samuel W. SMITH, Warden, Utah State Prison, Respondent-Appellant,**

**The Attorney General of the State of Utah, Additional Respondent-Appellant.**

**No. 77–1472.**

United States Court of Appeals, Tenth Circuit.

Submitted March 7, 1978.

Decided May 12, 1978.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Utah, for respondent-appellant.

D. Kendall Perkins, Salt Lake City, Utah, for petitioner-appellee.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

PER CURIAM.

Defendant, warden of the Utah State Prison, appeals from the United States District Court's order discharging appellee from custody pursuant to a petition for a writ of habeas corpus.

In 1972 appellee was charged with sodomy under the then existing Utah statute which defined sodomy as a single crime with no requirement that force be shown as an element of the crime. Utah Code Ann. § 76–53–22 (1955) (repealed 1973). When appellee ultimately pleaded guilty to this charge in 1974 he was advised that the possible penalty was a term of from three to 20 years in prison. *Id.* After appellee was charged with sodomy but before he pleaded guilty or was sentenced, the statute under which he was charged was repealed. The new statutory scheme made sodomy a misdemeanor and created a new crime of forcible sodomy. *Id.* § 76–5–403 (Supp. 1977). Under the new statute, sodomy became punishable as a class B misdemeanor by a prison term of up to six months, while the new crime of forcible sodomy was punishable as a second degree felony by an indeterminate term of one to 15 years when the victim is not under 14 years of age. *Id.* §§ 76–3–203(2), –204(2). Since the penalty under either crime in the new statute was less than that under the statute in effect when appellee was charged, the Utah trial court concluded that the saving clause of the new statute required that appellee receive the benefit of any limitation on punishment available under the new statute. *Id.* § 76–1–103; *see State v. Saxton*, 30 Utah 2d 456, 459–60, 519 P.2d 1340, 1342 (1974); *State v. Tapp*, 26 Utah 2d 392, 394–95, 490 P.2d 334, 335–36 (1971); *Belt v. Turner*, 25 Utah 2d 230, 232, 479 P.2d 791, 792, *aff'd on rehearing*, 25 Utah 2d 380, 483 P.2d 425 (1971).

Even though appellee had not been charged with forcible sodomy and notwithstanding his objection, the trial court conducted a "hearing" to determine whether force had been employed in accomplishing the act of sodomy. The trial court found that appellee had used force and sentenced him to an indeterminate term of one to 15 years as provided under the forcible sodomy statute.

The Utah Supreme Court twice reviewed this procedure and twice affirmed the conviction based on appellee's guilty plea under the old statute and the sentence imposed pursuant to the new statute. *Atkinson v. Smith*, No. 14,390 (Utah June 30, 1976); *State v. Atkinson*, 532 P.2d 215 (Utah 1975). The Utah Supreme Court agreed that appellee was entitled to a reduced sentence as

provided by the new statute but dismissed appellee's argument that he had been sentenced for a crime with which he had not been charged and to which he had not pleaded by stating: "Inasmuch as the defendant actually has a lesser sentence than would have been warranted under the [old] law, we do not see wherein he has any just cause for complaint." 532 P.2d at 216 (footnote omitted).

We are precluded from reviewing the Utah Supreme Court decisions which require that appellee be given the benefit of the reduced penalty provided by the new statute. *Wells v. Pinnock,* 463 F.2d 1176, 1177 (9th Cir. 1972); *Johnson v. Turner,* 429 F.2d 1152, 1155 (10th Cir. 1970); *McMichaels v. Hancock,* 428 F.2d 1222, 1223 (1st Cir. 1970); *Francis v. California,* 326 F.Supp. 83, 86 (C.D.Cal.1971). What was properly before the United States District Court and is before us now is the fundamental due process question of whether one can be sentenced for a crime not charged and to which no plea of guilty has been entered. The answer is an unequivocal no:

> No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.

*Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948).

In this case, appellee was charged with and pleaded guilty to the crime of sodomy with no mention whatever of force. The Utah legislature, in its wisdom, reduced that crime to a misdemeanor and added the new crime of forcible sodomy. Pursuant to the saving clause of the new statute and common law principles enunciated by Utah courts, the reduced sentence provisions of the new statute were held to be applicable to appellee. Although not required to do so, once the Utah courts had concluded that appellee was entitled to the sentencing benefits of the new statute, the only alternative constitutionally open to them was to sentence appellee for the crime charged which, under the new statute, was a misdemeanor. Instead, the Utah sentencing court, in effect, conducted a trial without the benefit of a jury at which appellee was not allowed to present affirmative evidence to counter charges that he was guilty of an uncharged crime. According to the stipulated facts, the trial court "ultimately found the [appellee] to have been guilty of *forcible sodomy* and sentenced him" accordingly. Record, vol. 2, at 54 (emphasis added). While it appears that the trial court thought it was merely determining sentence by this process its action, instead, was a trial and conviction for an uncharged crime. That action properly was held by the United States District Court to be a violation of appellee's rights under the United States Constitution.

It is axiomatic that due process does not permit one to be tried, convicted or sentenced for a crime with which he has not been charged or about which he has not been properly notified. *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941); *De-Jonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278 (1937). It is irrelevant that the sentence for the uncharged crime is less than that for the one charged.

AFFIRMED.