McKAY, Circuit Judge.
Appellants Steven D. Beem and Donald Henson, Jr., state prisoners, appeal the dismissal of their 28 U.S.C. § 2254 habeas petitions. The issue we address is important even though it only arises because of a peculiarity in Kansas state law. While changes in Kansas law assure that we will never face this issue in the present context again, our duty to resolve this matter remains undiminished. The issue facing this court is whether Mr. Beem and Mr. Henson may be sentenced and imprisoned for crimes for which they were not charged, tried, or convicted.
Mr. Beem was charged and convicted in the District Court of Reno County, Kansas, of one count of indecent liberties with a child, in violation of title 21, section 3503, of the Kansas Code, and one count of aggravated assault, in violation of title 21, section 3410 of that Code. Mr. Beem appealed his conviction to the Kansas Court of Appeals, which denied his appeal on March 1, 1991. On September 29, 1995, the District Court of Reno County vacated Mr. Beem’s sentence for indecent liberties with a child and instead sentenced him for the crime of aggravated incest under title 21, section 3603, of the Kansas Code. The Kansas Court of Appeals affirmed the sentence on April 3, 1998, and the Kansas Supreme Court denied review.
Mr. Henson was charged and convicted in the District Court of Miami County, Kansas, of three counts of rape in violation of title 21, section 3502, of the Kansas Code. On appeal, the Kansas Court of Appeals determined that Mr. Henson should have been charged with, and convicted of, the specific offense of aggravated incest rather than the general offense of rape. That court vacated Mr. Henson’s *1111 sentence for rape and remanded the case for Mr. Henson to be sentenced for aggravated incest under title 21, section 3603, of the Kansas Code.
Both Appellants challenged the Kansas courts’ imposition of new sentences for aggravated incest. Appellants petitioned the United States District Court for the District of Kansas for habeas relief, arguing that they were sentenced for crimes for which they were not charged, tried, or convicted, in violation of their Fourteenth Amendment right to due process and Sixth Amendment right to jury trial. Appellants requested that their new sentences be vacated. The district court held that Appellants did not establish a violation of their federal rights, dismissed their petitions, and denied them certificates of appealability. Appellants’ petitions were consolidated for our review.
Appellants first seek certificates of appealability to appeal the district court’s denial of their habeas petitions. In order for this court to grant a certificate of appealability, Appellants must make a “substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). Since the district court “has rejected the constitutional claims on the merits, ... [Appellants] must demonstrate that reasonable jurists would find the district court’s assessment of the constitutional claims debatable or wrong.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).
Appellants’ petition raises an unusual issue of constitutional concern. After reviewing the briefs of both parties and the opinion of the district court, we hold that reasonable jurists would find the district court’s assessment of the present petition’s constitutional claims debatable or wrong. Therefore, we conclude that the question merits further judicial consideration and grant Appellants certificates of appealability. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253(a).
In evaluating the district court’s denial of a habeas corpus petition, we review the court’s legal conclusions de novo and its factual findings for clear error. See Davis v. Executive Dir. of Dep’t of Corr., 100 F.3d 750, 756 (10th Cir.1996). In order to succeed on a petition for habeas relief, Appellants must establish that the state court decisions were “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [were] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(l)-(2).
Appellants claim that the State violated their Fourteenth Amendment right to due process and Sixth Amendment right to a jury trial by charging, trying, and convicting the Appellants of one crime and then sentencing them for a separate crime. The State contends that the Appellants’ federal rights are not implicated. Rather, the State claims it simply modified the Appellants’ sentences in an attempt to remedy a technical violation of Kansas common law.
Kansas law requires that criminal behavior prohibited under both a general statute and a specific statute must be prosecuted under the specific statute. The crux of the present dispute is based on the Kansas Supreme Court’s decisions in State v. Williams, 250 Kan. 730, 829 P.2d 892 (Kan.1992), and Carmichael v. State, 255 Kan. 10, 872 P.2d 240 (Kan.1994). In Williams, the defendant’s conduct violated the State’s prohibition against indecent liberties with a child, a class C felony, and aggravated incest, a class D felony. The court held that when a defendant is related *1112 to the victim “the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child.” Williams, 829 P.2d at 897.
In Carmichael, the defendant was originally convicted of two counts of rape and one count of aggravated kidnapping. Carmichael, 872 P.2d at 241. The defendant challenged his rape convictions arguing that since he was related to his victim, he should have been charged with the more specific crime of aggravated incest rather than the general crime of rape. See id. at 242. The court held that “the proper remedy is to vacate the sentence imposed for rape and resentence the petitioner for aggravated incest.” Id. at 247 (emphasis added).
The Kansas legislature has decided that a sexual crime against a family member is to be treated less severely from a penological standpoint than a sexual crime perpetrated by an attacker unrelated to the victim. When a defendant’s conduct violates both the Kansas statute against indecent liberties with a child and aggravated incest, or rape and aggravated incest, the defendant is to be charged with aggravated incest rather than rape or indecent liberties with a child. In effect, the Kansas legislature has added an additional element to the crimes of rape and indecent liberties with a child, i.e., that the victim and the defendant not be related.
The quandary becomes what is to be done when a defendant is prosecuted for rape or indecent liberties with a child rather than aggravated incest as required by Kansas law. Carmichael instructs us that the solution is to vacate the sentence given to the defendant and resentence the defendant for aggravated incest. See Carmichael, 872 P.2d at 247 (emphasis added). This is not merely a matter of sentencing. The Carmichael solution does more than downwardly alter the sentence a defendant receives for the crime committed. Instead, Carmichael requires that the original sentence be vacated (for rape or indecent liberties with a child) and that a defendant be sentenced for a crime for which they have not been charged, tried, or convicted (aggravated incest).
Nor can aggravated incest be considered a lesser included crime to either rape or indecent liberties with a child under Kansas law. To be a lesser included offense, all of the elements required to prove aggravated incest would also be necessary elements of rape or indecent liberties with a child. Under Kansas law this is not the case. Unlike rape or indecent liberties with a child, aggravated incest requires that the parties be related and that the wrongdoer be aware of the relationship.
Kansas’ proposed solution in Carmichael directly violates the law set forth by the United States Supreme Court in Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948). In Cole, the defendants were convicted of promoting an unlawful assembly under section two of a state statute. On appeal, the Arkansas Supreme Court held that the information filed against the defendants also violated section one of the same statute and affirmed the defendants’ convictions based solely on section one grounds.
The United States Supreme Court reversed, stating:
We therefore have this situation. The petitioners read the information as charging them with an offense under § 2 of the Act, the language of which the information had used. The trial judge construed the information as charging an offense under § 2. He instructed the jury to that effect. He charged the jury that petitioners were on trial for the *1113 offense of promoting an unlawful assemblage, not for the offense “of using force and violence.” Without completely ignoring the judge’s charge, the jury could not have convicted petitioners for having committed the separate, distinct, and substantially different offense defined in § 1. Yet the State Supreme Court refused to consider the validity of the conviction under § 2, for violation of which petitioners were tried and convicted. It affirmed their convictions as though they had been tried for violating § 1, an offense for which they were neither tried nor convicted.
No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.... It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.
Id. at 200-01, 68 S.Ct. 514. The Court reversed the Arkansas Supreme Court on Fourteenth Amendment due process grounds.
In the present case, Kansas asks us to do what Cole specifically prohibits. Mr. Henson was charged, tried, and convicted of rape, and Mr. Beem was charged, tried, and convicted of indecent liberties with a minor. Under Kansas law, both should have been charged, tried, and convicted of aggravated incest. Vacating Mr. Henson’s and Mr. Beem’s sentences and then sentencing them instead for aggravated incest (because their conduct also violates that statute) clearly violates Appellants’ due process rights because they were never charged, tried, nor convicted of aggravated incest. As this court previously stated, “[w]hat ... is before us now is the fundamental due process question of whether one can be sentenced for a crime not charged and to which no plea of guilty has been entered. The answer is an unequivocal no.” Von Atkinson v. Smith, 575 F.2d 819, 821 (10th Cir.1978) (applying Cole) (emphasis added).
The State argues that the primary elements of due process — notice of the charge and an opportunity to defend against the charge — are present here, since it is now undisputed that Appellants were related to their victims. This assertion misses the point. Courts are forbidden from directing verdicts against criminal defendants on any elements of a crime. See Sullivan v. Louisiana, 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (“[A]lthough a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, no matter how overwhelming the evidence.”). This court is prohibited from taking judicial notice of any element of the crime of aggravated incest, regardless of how easily the particular element could have been proved. This prohibition includes taking judicial notice of the relationship between the Appellants and their victims.
The State urges us to reject Appellants’ appeal because the new sentences imposed on the Defendants expose them to less punishment than their sentences for rape or indecent liberties with a minor. This fact is simply immaterial. “It is irrelevant that the sentence for the uncharged crime is less than that for the one charged.” Von Atkinson, 575 F.2d at 821. Allowing the State to resentence Mr. Henson and Mr. Beem for crimes for which they were not charged, tried, or convicted violates a basic tenet of our judicial system. All criminal defendants are considered inno *1114 cent until proven guilty after a full and fair trial.
The State next argues that the error, if any, of vacating the Defendants’ sentence and sentencing them for a crime for which they were not charged, tried, or convicted constitutes harmless error. In support of this argument, the State advocates that we adopt the Ninth Circuit’s reasoning in Henry v. United States, 432 F.2d 114 (9th Cir.1970). Henry is inapposite. In Henry, the indictment erroneously referenced a section number of the penal code (§ 1152 instead of § 1153(b)). However, the elements necessary for conviction were the same, the elements required for conviction were clearly set out in the indictment, the defendant was able to mount a defense in the trial court, and the jury instructions contained the proper elements of the crime for which the defendant was convicted. See id. at 117-18.
The present case is markedly different. Defendants were indicted under charges that did not include all necessary elements of aggravated incest. Additionally, Defendants did not proffer a defense regarding the missing elements and their juries were not instructed as to all elements of aggravated incest. While Henry may be a persuasive approach to correcting typographical errors in an indictment, it is inapplicable to the present inquiry. The only conceivable way we can permit a sentence for aggravated incest to be entered against Mr. Henson and Mr. Beem is to take judicial notice of the essential element of kinship-an impermissible endeav- or.
We recognize that Mr. Henson and Mr. Beem have been convicted of heinous crimes against family members who trusted them. We have little doubt that if charged and tried for aggravated incest, the State would have been able to prove that Mr. Henson and Mr. Beem were related to their victims and were aware of that relationship. The State may claim that Mr. Henson and Mr. Beem have benefited from a unique technicality in Kansas state law. Regardless, this court does not view the Constitutional right to be charged, tried, and convicted of a crime prior to being sentenced for that crime as a mere technicality. Nor can this court view the imprisonment of an individual for a crime for which they were not charged, tried, and convicted as harmless error. As distasteful as the consequences of this decision are to this court and to Mr. Beem’s and Mr. Henson’s victims, this court must not jettison its responsibility to vigilantly protect the inviolate right of all defendants to be charged, tried, and convicted of the crime for which they are imprisoned.
We reverse the judgment of the district court and remand for that court to enter an order granting Mr. Henson’s writ of habeas corpus and vacating his conviction and sentence for rape. We also reverse the judgment of the district court and remand for that court to enter an order granting Mr. Beem’s writ of habeas corpus vacating his conviction and sentence for indecent liberties with a minor. Since aggravated incest is not a lesser included offense of either rape or indecent liberties with a minor, double jeopardy has not attached, and the State of Kansas is entitled to charge and try Mr. Henson and Mr. Beem for aggravated incest.
REVERSED and REMANDED.