TACHA, Chief Judge,
dissenting.
I. Introduction
The resolution of these cases turns on whether the Kansas courts affirmed appellants’ convictions based on separate crimes from those for which they were charged, tried, and convicted, or whether the courts affirmed their convictions based on the *1115 same crimes. If the courts affirmed the convictions based on separate crimes, then they violated appellants’ rights to due process and a jury trial. If they affirmed based on the same crimes, however, the appellants have no federal constitutional claim. According to the majority’s characterization, the Kansas courts sentenced the appellants “for crimes for which they were not charged, tried, or convicted,” supra at 1110, 1114, and the issue is therefore “not merely a matter of sentencing,” supra at 1112. I am convinced, however, that the more accurate characterization is that the Kansas courts affirmed appellants’ convictions for the same crimes for which they were tried, but reduced appellants’ sentences to comply with the Kansas Supreme Court decisions in State v. Williams, 250 Kan. 730, 829 P.2d 892 (Kan.1992), and Carmichael v. State, 255 Kan. 10, 872 P.2d 240 (Kan.1994). In my view, the resen-tencing remedy required neither the Kansas courts nor this court “to take judicial notice of the essential element of kinship,” supra at 1114, and it did not violate appellants’ constitutional rights.
Even if, as the majority concludes, the resentencing remedy violated the appellants’ rights to due process and to a jury trial, this error is a harmless one that does not require reversal.
For these reasons, I respectfully dissent.
II. Characterizing the Events in the Kansas Courts
The Kansas courts’ rationales, actions, and characterizations of those actions demonstrate that they were implementing a resentencing remedy that left the underlying convictions undisturbed. An examination of the elements of the crimes at issue supports this conclusion, for the courts needed to find no additional element in order to affirm the convictions. Kinship was merely a sentencing factor, and its use as a sentencing factor did not violate due process or the right to a jury trial, because it reduced rather than increased the appellants’ sentences. Moreover, because appellants’ entire appeal is premised upon their familial relationship to their victims, they cannot simultaneously contest the fact of that relationship.
Scrutiny of the Kansas courts’ actions confirms that the appellants’ convictions were affirmed based on the same crimes for which they were tried. Appellant Beem, following a full jury trial, was convicted of one count of indecent liberties with a child and sentenced to 15 to 60 years for that crime. The Kansas Court of Appeals affirmed his conviction. Appellant Henson, following a full jury trial, was convicted of three counts of rape and sentenced to three consecutive terms of 7 to 20 years.
The validity of these sentences was cast into doubt by the subsequent Kansas Supreme Court decisions in Williams and Carmichael. In Williams, the court held that if both a specific statute and a more general statute prohibited the same conduct, the state could only charge the defendant with the more specific crime. 829 P.2d at 897. Two years later, the same court held in Carmichael that the proper remedy for violation of the Williams rule was not to throw out the conviction, but to vacate the sentence for the general crime and resentence in accordance with the lesser penalty applicable to the more specific offense. 872 P.2d at 247. As the court observed, “Carmichael [was] challenging the State’s failure to charge him with the specific offense, which ultimately resulted in the imposition of an erroneous sentence.” Id. at 244 (emphasis added). In fashioning this remedy, the Kansas Supreme Court relied on its specific statutory authority “to correct an illegal sentence at any time.” Kan. Stat. Ann. § 22-3504 *1116 (1995), cited in Carmichael, 872 P.2d at 245.
Williams applied to both Beem and Henson, because each could have been charged with the specific offense of aggravated incest instead of the more general offense of indecent liberties with a child or rape. On the basis of Williams, Beem and Henson sought to have their convictions and sentences set aside. Beem filed a petition in the trial court attacking his sentence and seeking a writ of habeas corpus pursuant to section 60-1507 of the Kansas Statutes. That petition stated that “[t]he acts supporting the allegations of one count of indecent liberties with a child against Mr. Beem ... are also prohibited by the aggravated incest statute,” and “[t]he alleged victim in the present case was ... Mr. Beem’[s] 14 year old [sic] stepdaughter.” Beem’s amended petitions made the same assertions. Henson, meanwhile, challenged his conviction and sentence for rape on direct appeal.
In response to Beem’s and Henson’s appeals, the courts affirmed their convictions, but resentenced in light of Williams and Carmichael. In Beem’s case, the trial court found “that the petition should be granted concerning defendant’s resentenc-ing in regards to Case No. 89 CR 147 [charging Beem with indecent liberties with a child], but the remainder of petitioner’s petition ... should be denied.” (Emphasis added). The court then resen-tenced Beem to 9 to 30 years. The Kansas Court of Appeals affirmed this decision, which it described as follows: “The district court agreed that Beem’s sentence for indecent liberties should be vacated, but refused to reverse his conviction for that crime. The district court ordered that Beem be resentenced to conform with a sentence for aggravated incest rather than indecent liberties.” (Emphasis added).
In Henson’s case, the Kansas Court of Appeals affirmed the convictions, but, as required by Carmichael, vacated his sentence and remanded for resentencing. The court’s mandate stated: “Convictions affirmed. Sentences vacated, and case remanded.” The district court resentenced Henson to three consecutive terms of 3 to 7 years.
Admittedly, there are some ambiguities in the record. For example, while the district court remanded Beem’s case only for resentencing, the journal entry of the resentencing itself refers to “re-sentencing on the charge of Aggravated Incest” and “for the offense of Aggravated Incest,” without clarifying that the underlying conviction remained the same.
The Kansas Court of Appeals’ statement in Beem’s case, however, that the court had affirmed the original conviction and resentenced to conform with a sentence for aggravated incest — which is consistent with its mandate in Henson’s case — is the most precise, as well as the most accurate description of what occurred in both cases. This characterization is confirmed by an examination of the elements of the crimes at issue.
The crucial point here is that the courts did not need to find any additional elements in order to affirm the convictions. They merely used the newly asserted fact of familial relationship as a basis for reducing the original sentences. As the Kansas Supreme Court noted, “the legislature ... intended that aggravated incest, a crime committed by a person related to the victim, constitutes a less serious offense than when a similar prohibited act is perpetrated by a defendant against a child with whom he or she has no family relationship.” Williams, 250 Kan. 730, 829 P.2d 892, 897. As such, their resentencing is analogous to a court’s reducing a conviction to a lesser included offense, an action *1117 that does not violate due process. See Morris v. Mathews, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986) (permitting, as a remedy for a double jeopardy violation, a reduction in conviction to a lesser included offense that was not jeopardy-barred). The defendants would be guilty of the underlying crimes of indecent liberties or rape even without kinship. While aggravated incest is not by definition a lesser included offense of rape or indecent liberties with a child, kinship is, under these unusual facts,[1] a sentencing factor that puts their conduct into a more specific, less serious category of the same offense.
Due process requires that all aggravating sentencing factors be proved at trial. Apprendi v. New Jersey, 530 U.S. 466, 481-82, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As the Supreme Court has stated, “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id. at 490, 120 S.Ct. 2348 (emphasis added). In applying this constitutional rule, the Court made clear that “the relevant inquiry is one not of form, but of effect — does the required finding expose the defendant to a greater punishment than that authorized by the jury’s guilty verdict?” Id. at 494, 120 S.Ct. 2348. The answer here is no. The finding of kinship does not expose the defendants to a greater punishment, but entitles them to a decrease in punishment. The rights to a trial by jury and to due process are therefore not implicated.
Moreover, the defendants do not contest the additional facts required for resentenc-ing under the lesser offense of aggravated incest. The factor that distinguishes aggravated incest from indecent liberties or rape is kinship, the existence of which is undisputed. To the contrary, the existence of a familial relationship constitutes the sole support for appellants’ claims; absent this familial relationship, their convictions would still stand, though they would be entitled to no reduction in their sentences. Arguing that the charges against them were incorrect because of kinship estops the appellants from simultaneously contesting kinship.
The majority and appellants cite Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948), and Von Atkinson v. Smith, 575 F.2d 819 (10th Cir.1978), but their reliance on these cases is misplaced. Cole stands for the principle that “[t]o conform to due process of law, [criminal defendants are] entitled to have the validity of their convictions appraised on consideration of the case as it was tried and as the issues were determined in the trial court.” 333 U.S. at 202, 68 S.Ct. 514. In Cole, the petitioners had been tried and convicted of promoting, encouraging, or aiding an unlawful assemblage, and they challenged the constitutionality of the statutory section defining that offense. Id. at 199-200, 68 S.Ct. 514. The Supreme Court of Arkansas, however, affirmed their convictions on the ground that, even if they could not have been convicted of violating that statutory section, they had violated a different section of the same statute — participating in an unlawful assemblage. This was a distinct crime that, unlike the crime of promoting, encouraging, or abetting, included an element of force or violence, which had not been presented to the jury as a necessary element for conviction. Id. at 198-99, 68 *1118 S.Ct. 514. The U.S. Supreme Court reversed, because the state court “ha[d] not affirmed these convictions on the basis of the trial petitioners were afforded.” Id. at 201, 68 S.Ct. 514. In contrast to Cole, Beem’s and Henson’s claims do not bring into question the constitutionality of the statutes authorizing their convictions. Nor do they challenge the sufficiency of the proof supporting their convictions. Most important, affirming their convictions did not require proof of an additional element.
In Von Atkinson, which the majority and appellants also cite, the defendant had pleaded guilty to sodomy under a Utah statute that did not require proof of force. 575 F.2d at 820. A new law defined two crimes — forcible sodomy and misdemeanor sodomy, which did not require force — each with a lesser penalty than that for sodomy under the prior statute, and the new statute gave the defendant the benefit of any lesser penalty applicable under the new law. Id. The state court, over the defendant’s objections, held a hearing in which it determined that the defendant had used force. Id. The Tenth Circuit reversed, holding that a court could not impose the penalty for the new crime of forcible sodomy, because force had not been proved at trial. Id. at 821. In that context, we rejected the argument that the state court’s finding of force was merely a sentencing determination, rather than “a trial and conviction for an uncharged crime.” Id. The crucial distinction is that, in Von Atkinson, a determination of the element of force increased the penalty, whereas, in Beem and Henson’s cases, a determination of kinship decreased the penalty.[2] Moreover, Von Atkinson involved a contested element, whereas here, the additional fact of kinship is uncontested, and the appellants asserted it themselves. In fact, their claims depend upon it.
In sum, the Kansas courts correctly characterized their actions as affirming appellants’ convictions for the same crimes. Unlike the Cole and Von Atkinson courts, they did not need to find additional elements. Instead, the courts affirmed the original convictions and resenteneed based on an uncontested fact, the existence of which decreased rather than increased appellants’ sentences. Moreover, appellants cannot claim a violation of their right to a trial on the issue of kinship when their appeal is entirely premised upon that fact’s existence. Under these circumstances, I fail to see how due process or the right to a jury trial is implicated.
III. Harmless Error
Even if, as the majority claims, the Kansas courts committed constitutional error when they applied the Carmichael remedy — that is, if they were affirming the convictions based on a determination that the defendants committed aggravated incest — that error was harmless and does not require reversal of the convictions or sentences.
While “most constitutional errors can be harmless,” certain errors are “structural” ones that require automatic reversal and are not subject to harmless-error analysis. Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (quoting *1119 Arizona v. Fulminante, 499 U.S. 279, 301, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Structural errors are defects that “necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.” Id. at 9, 119 S.Ct. 1827. Examples include complete denial of counsel, bias on the part of the trial judge, and racial discrimination in the selection of the grand jury. Id. at 15, 119 S.Ct. 1827. In Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), cited by the majority, harmless-error analysis did not apply because the error — a defective reasonable doubt instruction — meant that there had been “no jury verdict of guilty-beyond-a-reasonable-doubt,” rendering “utterly meaningless” a harmless-error inquiry into whether the same verdict resulted absent the error, id. at 280, 113 S.Ct. 2078. The Supreme Court has held, however, that harmless-error analysis does apply to the failure to instruct on an element of the crime, particularly where, as here, the appellant “does not suggest that he would introduce any evidence bearing upon the issue ... if so allowed.” Neder, 527 U.S. at 15, 119 S.Ct. 1827. In reaching this conclusion, the Court observed that harmless-error analysis applies to such errors as an “unconstitutional conclusive presumption,” id. at 12, 119 S.Ct. 1827, and “improperly omitting an element from the jury,” id. at 10, 119 S.Ct. 1827. Similarly, the claimed error here — conviction without a trial on the element of familial relationship — did not undermine the fundamental fairness of each appellant’s trial as a whole. Harmless-error analysis thus applies here.
The question for the court is therefore “whether it appears ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ” Id. at 15, 119 S.Ct. 1827 (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Under this standard, the error claimed here is harmless. Juries found Beem and Henson guilty of all the elements of indecent liberties with a child and rape, respectively, and each concedes that, apart from familial relationship, a trial on the charge of aggravated incest would have required proof of the same facts that the jury found in his case. The alleged error here is the failure of the state to prove the additional fact of familial relationship. Far from contesting the existence of this additional fact, however, appellants have premised their challenges upon it.
As a result of the Carmichael remedy, Beem’s sentence of 15 to 60 years was reduced to 9 to 30 years, and Henson’s three consecutive sentences of 7 to 20 years were reduced to 3 to 7 years each. This result reinforces that, if an error occurred, it was not only harmless to the appellants, it was beneficial to them. For this reason, even if I were to accept the majority’s characterization of the Kansas courts’ actions, I could not concur in the result.
IV. Conclusion
I do not, of course, disagree with the settled principle that the prosecution bears the burden of proving every element of a crime. Under the rather unusual circumstances presented here, however, I perceive no violation of this principle. In each of the cases before us, (1) a defendant was convicted in a trial, the basic fairness of which is not at issue; (2) the defendant later asserted the existence of an additional fact; (3) based solely on that fact, the defendant claimed that he should have been charged with a different crime; (4) except for the new fact, the prosecution would have had to prove identical elements for the crime that should have been charged as it proved for the crime that was charged; and (5) the crime that *1120 should have been charged carries a lesser penalty. In my view, the Kansas courts’ application of the Carmichael remedy violated neither due process nor the right to a jury trial, the U.S. District Court’s denial of the habeas corpus petitions was correct, and the Certificates of Appealability should be denied.

. The precise situation presented here should not arise in future cases, because the Kansas Legislature has altered the definition of aggravated incest to exclude acts that are covered by the statutes prohibiting rape and indecent liberties with a child. 1993 Kan. Sess. Laws, ch. 253, § 15 (amending Kan. Stat. Ann. § 21-3606).

. Though the sentence imposed in Von Atkinson was less than what the prior law authorized, the finding of force increased the penalty relative to what the current law authorized absent a finding of force. For this reason— along with the reasons discussed above — our statement in that case (cited by the majority, supra at 1113) that ''[i]t is irrelevant that the sentence for the uncharged crime is less than that for the one charged,” 575 F.2d at 821, does not negate the significance of whether a fact is the basis for an increase or decrease in sentence.